IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § CRIMINAL NO. EP-25-MJ-5911-MAT |
| v. | § |
| | § |
| JOSE INES PINO-AYALA, | § |
| | § |
| Defendant. | § |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States of America, by the U.S. Attorney for the Western District of Texas (WDTX), and the undersigned Assistant U.S. Attorney, respectfully files this trial memorandum responsive to the Court's question as to whether petty misdemeanors may be tried to a jury. As explained below, the Government's position is that a petty misdemeanor case does not give a defendant the right to a jury trial. Further, the decision to try the Class A misdemeanor to the jury and the petty misdemeanors to the Court does not offend judicial efficiency.

**I.     BACKGROUND**

Defendant Jose Ines Pino-Ayala is an alien to the United States and a citizen and national of El Salvador. On October 21, 2025, Defendant, crossed the Rio Grande River and entered the United States from Mexico at a place that is not designated as a port entry in El Paso, Texas, in the Western District of Texas. The area that Defendant illegally entered the United States, and through which he entered and crossed over, is designated as the Texas National Defense Area ("NDA") and is a restricted military area managed by the United States Army. Signage in the area where Defendant crossed the Rio Grande River warns against trespass. On October 27, 2025, the Government filed a Misdemeanor Information charging Defendant with three counts. Count One

of the Information charges a violation of Title 8 U.S.C. § 1325(a)(1), improper entry by an alien; Count Two charges a violation of Title 50 U.S.C. § 797, penalty for violation of security regulations and orders; and Count Three charges a violation of Title 18 U.S.C. § 1382, entering military property. (ECF No. 6). Trial is scheduled for Defendant on November 13, 2025.

**II.     ARGUMENT**

The Defendant does not have a right to a trial by jury on the two petty misdemeanor counts, and the Court should proceed with a bench trial on those offenses.

The Constitution guarantees the right to trial by jury in Article III, Section II, except in cases of impeachment. The Bill of Rights further codifies this right in Amendment VI, giving defendants "the right to a speedy and public trial by an impartial jury." U.S. Const. Amend. IV. However, the Supreme Court has limited this right in cases where the possible penalty is less than six months imprisonment, and the case is otherwise considered a petty offense. *See Duncan v. Louisiana*, 391 U.S. 145 (1968). The Supreme Court has found no right to a jury trial in petty misdemeanor cases, even in cases where the aggregate punishment is more than 6 months. *Lewis v. United States*, 518 U.S. 322, 322-323 (1996). The right to a jury trial is "reserve[d] …to defendants accused of serious crimes." *Id.* at 326. An offense "carrying a maximum term of six months or less is presumed petty" *Id.* at 323. The Supreme Court reasoned that the aggregate

punishment did not change the legislative assessment that an offense was petty. *Id.* In the case before this Court, Counts 1 and 3 have a maximum punishment of six months imprisonment. Despite the possibility of an aggregate sentence over 6 months, the Defendant is not entitled to a jury trial on the petty misdemeanor counts.

Additionally, in cases with collateral consequences other than imprisonment, the 5th Circuit has held the best determination of whether an offense is petty for purposes of jury trial is the maximum possible imprisonment. *Landry v. Hoepfner*, 840 F.2d. 1201, 1208 (5th Cir. 1988) (holding the possibility of a license suspension [an administrative penalty] did not raise the offense of driving while intoxicated from petty to serious). In *Landry*, the 5th Circuit held that a case is petty if it was "not indictable at common law and carried a maximum authorized confinement of not more than six months." *Id.* at 1209 (see *Baldwin v. New York*, 399 U.S. 66 (1970)). The Court specifically declined to add a third factor of "judicial perception of 'seriousness' *otherwise* of the offense, either intrinsically or as to the judges conceive the 'public' to generally regard it" to the determination of whether an offense was petty. *Landry,* at 1209. In so holding, the Court reasoned that this imprecise and subjective factor would involve the judiciary invading the domain of the legislature in determining the seriousness of an offense. *Id*. at 1209 – 1210. The objective criteria of the maximum range of punishment determines whether or not an offense is petty.

In the instant case, Defense requests this Court to disregard the range of punishment imposed for these charges and the weight of precedent to grant the Defendant a jury trial on Counts One and Three. Defense points to the unusual nature of the offense as a reason to grant a jury trial.

(Def. Br. at 4). However, the 5th Circuit has expressly rejected this consideration in *Landry*. The Court found "there is simply no warrant in history, precedent, or policy for the federal judiciary to second-guess that legislative determination on the basis of the judiciary's own conclusions, which are necessarily grounded in subjective, unquantifiable criteria, respecting the intrinsic or publicly perceived seriousness of that offense against the laws of that particular state." *Landry*, at 1210. *Landry* dealt with a habeas petition from a state law conviction. The Supreme Court has followed similar reasoning in *Lewis v. United States* when considering subjective criteria for whether an offense is petty. In *Lewis*, the Supreme Court held "we determine whether an offense is serious by looking to the judgment of the legislature, primarily as expressed in the maximum authorized term of imprisonment." *Lewis,* 518 U.S. 522, 327 (1996). The Court should look to the objective criteria in the instant case and reject the Defense's invitation to substitute the Court's judgment for that of the legislature in determining whether Counts One and Three are petty for purposes of a jury trial.

Finally, the Defendant argues that to try the cases separately would hamper judicial efficiency due to the necessity of additional testimony. (Def. Br. at 5-6). It is possible that the Government would need to call witnesses in addition to the Court taking judicial notice of the jury proceedings. However, such additional proceedings and witnesses could be held while the parties await the verdict from the jury. The Court's ability to take judicial notice of prior facts and allow for stipulations from the parties could further expedite this process. While an important consideration, the need for judicial efficiency does not confer a right to a jury trial to the Defendant.

### III. CONCLUSION

Considering the arguments of the parties, the Government respectfully requests the Court deny the Defendant's request for a jury trial on Counts One and Three of the Information in the above style case, proceed with a jury trial solely on Count Two, and a bench trial on Counts One and Three.

DATED this 3rd day of November, 2025.

                                        Respectfully Submitted,

                                        JUSTIN R. SIMMONS
                                        UNITED STATES ATTORNEY

By:   */s/Erin Van Pelt*
       Erin Van Pelt
       Texas Bar 24091809
       Assistant U.S. Attorney
       700 E. San Antonio, Suite 200
       El Paso, Texas 79901
       (915) 534-6884

### CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. A true copy of this sealed document will be provided to Defendant's attorney.

                                        */s/Erin Van Pelt*
                                        Erin Van Pelt
                                        Assistant U.S. Attorney