UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>JOSE INES PINO-AYALA<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 25-MJ-5911-MAT |

DEFENDANT'S RESPONSE TO GOVERNMENT'S TRIAL MEMORANDUM

Defendant JOSE INES PINO-AYALA ("Mr. Pino-Ayala"), by and through undersigned counsel, hereby, responds to the Government's Trial Memorandum (Doc. No. 12).

This Court directed briefing on how it may allow a jury to render verdict on Class B misdemeanor offenses. On November 2, 2025, the defense filed its Trial Brief (Doc. No. 11) addressing this question. The Brief opens on page 3 with "The issue thus is not what is required by [a] right [to jury trial], but rather what is appropriate under the circumstances." As such, and as concluded by other courts presented with the question cited in support, this Court may appropriately order that all counts be decided by jury in a single proceeding.

All save the final paragraph of the argument section of the Government's Brief addresses whether petty offenses may be the subject of a jury trial demand under the Sixth Amendment right to jury trial. Cases defining the parameters of the Sixth Amendment right and discussed in by the Government such as *Duncan v. Louisiana*, 391 U.S. 145 (1968), *Lewis v. United States*, 518 U.S. 322, 322-323 (1996), and *Landry v. Hoepfner*, 840 F.2d 1201, 1202 (5th Cir. 1988), are thus inapposite given the absence of a Sixth Amendment trial demand.

The Government, apparently failing to grasp the argument asking this Court to exercise its discretion, argues "Defense points to the unusual nature of the offense as a reason to grant a

1

jury trial. However, the 5th Circuit has expressly rejected this consideration in *Landry*. Gov't Tr. Br. at 3-4. The defense agrees that the unusual nature of an offense would not trigger a Sixth Amendment right supporting a jury trial demand. However, the Government's argument is not addressing the cases cited by the defense in support of its argument having nothing to do with a Sixth Amendment right.

The Government closes its Sixth Amendment argument with "The Court should look to the objective criteria in the instant case and reject the Defense's invitation to substitute the Court's judgment for that of the legislature in determining whether Counts One and Three are petty for purposes of a jury trial." *Id.* at 4. To avoid possible confusion with the defense argument, the Government appears to suggest the defense seeks to redefine "petty offense" for purposes of its request. It does not. Nor does the defense elevate its request of this Court to an 'entitlement' or 'right', as suggested by the Government's argument. The defense argument, uncontradicted by the Government's brief, is that no statute prohibits this Court ordering a jury trial as to all counts. The concepts of 'efficiency' and 'uniqueness' discussed in the defense brief reflect guidance identified in the case law cited as an appropriate exercise of court discretion in ordering a jury trial. Nothing more. The Government simply does not address the crux of the defense argument despite citing the defense brief.

This Court is undoubtedly familiar with the phrase "a trial court has broad discretion," whether that discretion involves the conduct of voir dire, *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir. 1976), addressing alleged juror misconduct, *United States v. Sotelo*, 97 F.3d 782, 794 (5th Cir. 1996), preserving integrity and purpose of a pretrial order, *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979), or limiting the scope of closing argument, *United States v. Ridgley*, No. 00-31339, 2001 WL 877725, at *1 (5th Cir. July 24, 2001). The defense invokes

this broad discretion with its request, establishing that this Court would run afoul of no legal authority, whether rule, statute, or case law, in ordering that all Counts be tried to a jury.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


            /S/
Shane McMahon
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to Duty AUSA-El Paso, U.S. Attorney's Office, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

/S/
Shane McMahon
Attorney for Defendant

4